## Johnson *v.* Glass *et al.*

(Division B. March 3, 1930.)

[126 So. 476. No. 28485.]

**Z. A. Brantley**, of Louisville, for appellant.

Frank L. Reich, of Louisville, for appellees.

Griffith, J., delivered the opinion of the court.

Appellee obtained the advance of a small sum of money from appellant, and agreed to cultivate a tract of land belonging to appellant during the crop year of 1928. Appellee began on the crop, but about the 1st of June quit the premises, and the crop was lost. During the time appellee was at work in the crop, appellant made additional advances, so that on the date last aforesaid appellee owed a total of about two hundred ten dollars. Appellant demanded that appellee secure the payment of said sum by a deed of trust on appellee's homestead, which was refused; and appellant made an affidavit against appellee charging him with having obtained money under false pretenses. On October 1, 1928, under said charge, appellant procured the arrest of appellee and had him thrown in jail. After appellee had thus been incarcerated, and during the same day, appellant appeared at the jail, and informed appellee that, if he would execute the deed of trust as demanded, the charge would be withdrawn, and appellee would be forthwith released from imprisonment. Appellee thereupon promptly executed the deed of trust. The above facts are substantially admitted by appellant.

The facts further averred, testified to by appellee, and substantiated by other proof, are that, when appellee signed the note and deed of trust for approximately two hundred ten dollars, appellee was brought out of jail and put in an automobile in company with several men to be taken to the home of appellee, there to procure the signature and acknowledgment of appellee's wife; but,

instead of going directly to appellee's home, these parties, accompanied by appellant, took appellee to another place, and there appellee was severely whipped, and was made to agree to include in the note and deed of trust an additional amount of one hundred fifty dollars for damages to appellant on account of the loss of the said crop. Thereupon appellee was taken to his home, and, the papers having been raised to the new amount demanded, to-wit, approximately three hundred sixty dollars, they were signed and acknowledged by appellee's wife, and the party then disbanded.

Appellant denied the whipping; asserted that the execution of the deed of trust was entirely voluntary; and appeals here on the complaint that the chancellor's findings in the favor of appellee and his decree canceling the said deed of trust are against the overwhelming weight of the evidence. There was sufficient evidence to sustain the chancellor's findings on every charge made; but, leaving aside the whipping, appellant admits enough to sustain the decree on duress by imprisonment. The authorities are all one way on that subject, as may be found by an examination of the numerous cases collated in 13 C. J. at pp. 398-400. It is a clear case of an attempt to use the imprisonment processes of the criminal courts to enforce the collection of a debt, and the chancellor was eminently right in stripping appellant bare of everything he had obtained by that unlawful and lawless means. The case is too plain for extended discussion, and we add only that it is expected that the rule applied by the chancellor will be vigorously enforced by every court in this state in similar cases.

Affirmed.